OPINION
Plaintiff-appellant Mary L. Humphreys, Administrator of the Estate of William R. Humphreys, appeals the April 22, 1997 Judgment Entry on Verdict entered by the Ashland County Court of Common Pleas, granting judgment in favor of defendants-appellees Daniel R. Daugherty, M.D., Roger O. Snyder, M.D., Ashland Family Practice, Inc., Bruce L. Fleishman, M.D., and Diagnostic Cardiovascular Consultants, Inc., and against appellant.
 STATEMENT OF THE FACTS AND CASE
During the early morning hours of August 23, 1993, appellant's husband, William R. Humphreys (hereinafter "Mr. Humphreys"), presented himself at the Ashland Samaritan Hospital Emergency Room with complaints of chest pain. Mr. Humphreys suffered intermittent chest pain throughout the week prior to his presentation at the ER with an episode on the evening of August 16, 1993, which lead him to contact the answering service for appellee Ashland Family Practice. Mr. Humphreys spoke with appellee Dr. Snyder, who was on-call that evening. When Mr. Humphreys concluded his conversation with Dr. Snyder, he asked appellant to go to the store and purchase an over-the-counter medication for him. Sometime thereafter, appellant scheduled an appointment for Mr. Humphreys with Ashland Family Practice for August 23, 1993, the day on which Mr. Humphreys ultimately arrived at the ER. The emergency room physician conducted numerous tests on Mr. Humphreys, including an EKG, and eventually admitted him to the Intensive Care/Coronary Care Unit of the hospital. Approximately 4 1/2 hours after Mr. Humphreys' admission to the ICU/CCU, Dr. Snyder arrived and conducted a physical examination of Mr. Humphreys. Although Dr. Snyder ordered more tests performed on Mr. Humphreys, the doctor did not order a second EKG. No further tests were performed on Mr. Humphreys. Thereafter, Dr. Snyder contacted appellee Dr. Fleishman, a cardiologist, for a consultation. During the 16 1/2 hours Mr. Humphreys was in the hospital, he experienced three episodes of chest pain. Appellee Dr. Daugherty, Dr. Snyder's partner, discharged Mr. Humphreys at 7:45 p.m. on August 23, 1993. Mr. Humphreys experienced at least one episode of chest pain during the following day (August 24, 1993). At approximately 5:00 a.m. on August 25, 1993, Mr. Humphreys died of myocardal infarction. On February 7, 1995, appellant filed a complaint in the Ashland County Court of Common Pleas, naming appellees and the Ashland Samaritan Hospital as defendants. Via Opinion and Judgment Entry dated April 2, 1997, the trial court granted Ashland Samaritan Hospital's motion for summary judgment. The matter proceeded to trial on April 7, 1997. During her case-in-chief, appellant presented the testimony of three experts: Dr. James N. McLamb, a specialist in family medicine; Dr. James L. Weiss, a cardiologist, and Dr. Eli M. Roth, also a cardiologist. Dr. McLamb opined Drs. Snyder and Daugherty deviated from the appropriate standard of care in their care and treatment of Mr. Humphreys, including the discharging of Mr. Humphreys without performing additional tests. Drs. Weiss and Roth also opined appellees deviated from the appropriate standard of care with respect to the timing of the discharge of Mr. Humphreys from the hospital. Dr. Fleishman called Dr. Jerry Wayne Moore, a board certified cardiologist, as an expert on his behalf. During her cross-examination of Dr. Moore, appellant attempted to elicit testimony regarding Mr. Humphreys' discharge from the hospital by Drs. Daugherty and Snyder. Counsel for Drs. Snyder and Daugherty, and Ashland Family Practice asked to approach the bench. Counsel for the parties and the trial court had a conversation off the record. The substance of the conversation is not ascertainable through the record before this Court. Back on the record, the trial court noted, "The objection is sustained." Tr. at 1115. Thereafter, appellant did not inquire further of Dr. Moore relative to the discharge of Mr. Humphreys. After hearing all the evidence and deliberations, the jury found in favor of appellees and against appellant. The trial court memorialized the jury's verdict via Judgment Entry on Verdict dated April 22, 1997. It is from this judgment entry appellant appeals, raising the following as her sole assignment of error:
 THE LOWER COURT ERRED BY REFUSING TO PERMIT APPELLANT TO CROSS EXAMINE APPELLEE FLEISHMAN'S EXPERT AS TO ALL MATTERS PERTINENT TO THE ISSUES TO BE DECIDED BY THE JURY.
Initially, appellees contend appellant waived any objection relative to the alleged error by her failure to properly preserve the record for appeal because she failed to proffer into the record the evidence alleged to have been erroneously excluded. Evid.R. 103(A)(2) provides: (2) Offer of Proof. In case the ruling is one excluding evidence, the substance of evidence was made known to the court by offer or was apparent from the context within which questions were asked. Offer of proof is not necessary if evidence is excluded during cross-examination.
(Emphasis added).
Pursuant to Evid.R. 103(A)(2), we find appellant's failure to proffer the substance of the testimony she intended to elicit from Dr. Moore during cross-examination did not waive her right to allege error as to this issue. We now turn to the merits of appellant's assignment of error. In support of her position, appellant's only cite to the record is page 1115 of the Transcript of the Proceedings, which reads, in toto: Q. [Elizabeth Hamlin, Appellant's Counsel]: Even if [an additional EKG] had not been abnormal, they still shouldn't have discharged this patient; isn't that true?
MR. TREADON [Counsel for Drs. Daugherty and Snyder, and Ashland Family Practice]: Your Honor, may I approach?
THE COURT: You may.
(An off-the-record discussion took place.)
THE COURT: The objection is sustained. Now we have arrived at noon. Do you have additional questions?
MS. HAMLIN: I think I'm almost done.
THE COURT: See if you can finish.
MS. HAMLIN: Actually, I'm almost done. I still have another subject left.
THE COURT: Well, perhaps we ought to take the noon recess, then, so that you don't have to rush through it.
MS. HAMLIN: I don't have too much, but I'd say about 10 or 15 minutes, Your Honor.
THE COURT: We're going to take the noon recess. Doctor, you may stand down. We'll ask that you be back by one o'clock, please.
Ladies and gentlemen, we're taking the noon recess at this time, trying to remain on schedule, because the court, again, has matters at 4 o'clock this afternoon outside this particular case.
Tr. at 1115.
We find appellant's reference to page 1115 of the trial transcript does not support her assertion the trial court refused to permit her to cross-examine Dr. Moore "as to all matters pertinent" with the singular exception of the trial court's prohibiting Dr. Moore from testifying regarding the propriety of Mr. Humphreys' discharge from the hospital. Although her stated assignment of error is somewhat inartfully drafted, we believe the crux of appellant's argument alleges error as a result of the trial court's sustaining appellees' objection to her cross examination of Dr. Moore with respect to the discharge of Mr. Humphreys by Drs. Daugherty and Snyder. Although a review of page 1115 of the trial transcript reveals counsel for Drs. Daugherty and Snyder, and Ashland Family Practice asked to approach the bench and the trial court had a conversation with counsel for the parties off the record, the record does not reveal the specific basis for the objection, which appellees appear to have raised during the sidebar, or the basis for the trial court's sustaining said objection. In their briefs to this Court, appellees assert the trial court properly excluded the evidence appellant attempted to elicit from Dr. Moore on two grounds. First, appellees submit appellant failed to lay the proper foundation to establish Dr. Moore, a cardiologist, was familiar with the appropriate standard of care for a family practice physician; therefore, Dr. Moore was in-competent to render an expert opinion as to the care and treatment rendered by Drs. Daugherty and Snyder. Next, appellees contend the trial court's exclusion of the evidence was appropriate because the testimony was cumulative. With respect to the first ground, a review of the entire record before this Court does not establish Dr. Moore was qualified to render an opinion as to the proper standard of care for a family practice physician. Accordingly, we cannot conclude the trial court abused its discretion in sustaining appellees' objection if such ruling was based upon appellant's failure to lay a proper foundation. Turning to the second ground, assuming, arguendo, the trial court's decision to sustain the objection was based upon its belief such evidence would be cumulative, we find such ruling may have been error. Although appellant presented three witnesses in her case-in-chief who opined the care and treatment rendered by appellees deviated from the appropriate standard of care, we believe an admission from a defense expert that the conduct of some of the defendants fell below the appropriate standard of care is far stronger and far more persuasive than the same opinions rendered by experts paid by a plaintiff. However, even if the trial court excluded this evidence because it felt it was cumulative, the record before this Court does not establish Dr. Moore would have given such an opinion regarding Drs. Daugherty and Snyder. Accordingly, we find appellant cannot establish she was prejudiced by the trial court's ruling. In support of her assertion Dr. Moore would have opined Drs. Daugherty and Snyder's care and treatment of Mr. Humphreys deviated from the appropriate standard of care, appellant has filed portions of Dr. Moore's deposition with this Court. Appellant did not, however, file the deposition with the trial court. Our review on appeal is limited to those materials in the record which were before the trial court. See, State v. Ishmail (1978), 54 Ohio St.2d 402. Accordingly, we are unable to consider such evidence. Based upon the foregoing reasons, appellant's sole assignment of error is overruled.
The judgment of the Ashland County Court of Common Pleas is affirmed.
By: Hoffman, J. Gwin, P.J. and Edwards, J. concur